1

BRANDON C. FERNALD
FERNALD LAW GROUP

2

510 West Sixth Street, Suite 700
Los Angeles, California 90014

3

Telephone:  323-410-0320
Facsimile:  323-410-0330

4

Email:  brandon.fernald@fernaldlawgroup.com

5

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
DECKER A. CAMMACK (*Pro Hac Vice To Be Filed*)

6

TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE

7

Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200

8

Fort Worth, Texas  76102
Telephone:  (817) 334-0400

9

Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com

10

Email:  cammack@fsclaw.com
Email:  blumenfeld@fsclaw.com

11

12

Attorneys for Plaintiff
SMART IRRIGATION SOLUTIONS INC.

13

14

## UNITED STATES DISTRICT COURT

15

## CENTRAL DISTRICT OF CALIFORNIA

16

## SOUTHERN DIVISION

17

SMART IRRIGATION
SOLUTIONS INC.,

18

                    Plaintiff,

19

              vs.

20

THE TORO COMPANY,

21

                    Defendant.

CASE NO.

**COMPLAINT FOR
INFRINGEMENT OF
U.S. PATENT NO. 6,892,113 B1**

**JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

COMPLAINT FOR INFRINGEMENT OF PATENT

1    Plaintiff SMART IRRIGATION SOLUTIONS INC. files its Complaint
2  against Defendant THE TORO COMPANY, alleging as follows:

3                                **THE PARTIES**

4       1.    Plaintiff SMART IRRIGATION SOLUTIONS INC. ("Smart
5  Irrigation") is a corporation organized and existing under the laws of the State of
6  California with its principle place of business at 600 Anton, Blvd., Suite 1350,
7  Costa Mesa, CA 92626.

8       2.    Upon information and belief THE TORO COMPANY ("Toro") is a
9  corporation organized and existing under the laws of the State of Delaware, with
10  its principal place of business in Bloomington MN.  Toro may be served with
11  process through its registered agent National Registered Agents, Inc., 818 West
12  Seventh Street, Los Angeles, CA  90017.

13                        **JURISDICTION AND VENUE**

14      3.    This is an action for infringement of United States patents.  This Court
15  has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

16      4.    Upon information and belief, TORO is subject to personal jurisdiction
17  by this Court.  Toro has committed such purposeful acts and/or transactions in the
18  State of California that it reasonably knew and/or expected that it could be hailed
19  into a California court as a future consequence of such activity.  Toro makes, uses,
20  and/or sells infringing products, specifically irrigation controllers and sensors,
21  within the Central District of California and has a continuing presence and the
22  requisite minimum contacts with the Central District of California, such that this
23  venue is a fair and reasonable one.  Upon information and belief, Toro has
24  transacted and, at the time of the filing of this Complaint, is continuing to transact
25  business within the Central District of California.  For all of these reasons, personal
26  jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1),
27  (2) and (c)(2) and 28 U.S.C. § 1400(b).

28                              **PATENT-IN-SUIT**

---

COMPLAINT FOR INFRINGEMENT OF PATENT

5.    On May 10, 2005, United States Patent No. 6,892,113 B1 ("the '113 Patent") was duly and legally issued for "IRRIGATION CONTROLLER USING REGRESSION MODEL."  A true and correct copy of the '113 Patent is attached hereto as Exhibit A and made a part hereof.

6.    One of the named inventors of the '113 Patent is John Addink, Ph.D.  Mr. Addink is the founder of Aqua Conserve, Inc., an entity that formerly owned the '113 Patent and a well-known manufacturer of irrigation controllers.  With educational training and long-time experience in the irrigation space as an irrigation engineer, Mr. Addink was searching for a way to most efficiently solve the problem of inefficient watering of lawns and landscapes in the California climate.  Existing systems at that time allowed for limiting or increasing run times with a fixed schedule, and more sophisticated systems gathered and used limited, costly sensor data, but were inefficient and complicated.  Mr. Addink and his brother, Mr. Sylvan Addink, conceived of, and later actually implemented irrigation controllers that could run regression models comparing historical and current environmental conditions and program watering schedules accordingly.

7.    As it pertains to this lawsuit, the '113 Patent, very generally speaking, relates to methods and irrigation system controllers with the capability of utilizing connective, local sensory input with mathematical regression analysis to calculate the local evapotranspiration rate (the combination of evaporation and plant transpiration), and through comparisons to historical environmental data, save water through optimizing landscape irrigation schedules based on that information.

8.    More specifically, the sole independent claim of the '113 Patent discloses an irrigation controller comprising a memory storing a mathematical regression model based upon historical evapotranspiration data, a local weather sensor that gathers variable information about current, local environmental factors effecting weather conditions, and a microprocessor that utilizes both sets of information to calculate the current evapotranspiration rate, compare that current

1 rate to historical rates, and then determine a proper watering schedule based on that

2 comparison.   Certain dependent claims therein specify certain aspects of the

3 regression model or environmental factors utilized by the irrigation controller

4 **FIRST CLAIM FOR RELIEF**

5 **(Patent Infringement)**

6      9.     Smart Irrigation repeats and realleges every allegation set forth above.

7      10.     Smart Irrigation is the owner of the '113 Patent with the exclusive

8 right to enforce the '113 Patent against infringers, and collect damages for all

9 relevant times, including the right to prosecute this action.

10      11.     Upon information and belief, Toro is liable under 35 U.S.C. §271(a)

11 for direct infringement of the '113 Patent because it manufactures, makes, has

12 made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers

13 for sale products and/or systems that practice one or more claims of the '113

14 Patent.

15      12.     More specifically, Toro infringes the '113 Patent because it makes,

16 uses, sells, and offers for sale irrigation controllers with the capability of

17 incorporating current, local environmental sensor data and perform a regression

18 analysis utilizing that data to optimize landscape irrigation solutions for given

19 geographical areas.  Specifically, Toro's (1) Evolution Series Irrigation Controller

20 with the Evolution Weather Sensor and Toro Smart Connect; (2) XTRA Smart EC-

21 XTRA Landscape Timer & Wireless Weather Sensor; (3) Command Series

22 Irrigation Controller with Irritrol Climate Logic Weather Sensing System; (4)

23 TMC-212 Series Irrigation Controller with Irritrol Climate Logic Weather Sensing

24 System; (5) Irritrol Total Control Series with Irritrol Climate Logic Weather

25 Sensing System; (6) Irritrol Kwik Dial Series with Irritrol Climate Logic Weather

26 Sensing System; (7) Irritrol Rain Dial-R Series with Irritrol Climate Logic Weather

27 Sensing System; (8) Irritrol MC-E (Blue) Series with Irritrol Climate Logic

28 Weather Sensing System; (9) Irritrol Rain Master Twice 2-Wire; (10) RME Eagle

(Rain Master) system; and the (11) Eagle Plus (Rain Master) system, at a minimum, in the past have directly literally infringe (or in the alternative have infringed under the doctrine of equivalents) and continue to directly, literally infringe (or in the alternative infringe under the doctrine of equivalents) at least claim 1 of the '113 Patent.

13.    The Evolution Weather Sensor, XTRA Smart Wireless Weather Sensor System, Irritrol Climate Logic Weather Sensing System, the sensor included within the Rain Master Twice 2-Wire, the RME Eagle, and the RME Eagle Plus all gather solar and temperature data utilized by the accused Irrigation Controllers to calculate evapotranspiration rates, using the same to adjust the programmed watering run times.

14.    Any other irrigation controllers made, used, sold, or offered for sale by Toro that operate with a local sensor in a similar manner to those irrigation controllers and sensors specifically included herein also have directly infringed (or have infringed under the doctrine of equivalents) and/or continue to directly infringe (or infringe under the doctrine of equivalents) at least claim 1 of the '113 Patent.

15.    Toro has actual notice of the '113 Patent at least as early as the filing of this Complaint.

16.    Smart Irrigation has been damaged as a result of Toro's infringing conduct.  Toro is, thus, liable to Smart Irrigation in an amount that adequately compensates Smart Irrigation for Toro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

1

## **PRAYER FOR RELIEF**

Smart Irrigation requests that the Court find in its favor and against Toro, and that the Court grant Smart Irrigation the following relief:

a.    Judgment that one or more claims of the '113 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Toro;

b.    Judgment that Toro account for and pay to Smart Irrigation all damages to and costs incurred by Smart Irrigation because of Toro's infringing activities and other conduct complained of herein;

c.    That Toro, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the '113 Patent. In the alternative, if the Court finds that an injunction is not warranted, Smart Irrigation requests an award of post judgment royalty to compensate for future infringement;

d.    That Smart Irrigation be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Toro's infringing activities and other conduct complained of herein;

e.    That this Court declare this an exceptional case and award Smart Irrigation its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.    That Smart Irrigation be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 16, 2015.                    /s/ Brandon C. Fernald

                                            BRANDON C. FERNALD
                                            FERNALD LAW GROUP
                                            510 West Sixth Street, Suite 700
                                            Los Angeles, California 90014
                                            Telephone:  323-410-0320
                                            Facsimile:   323-410-0330
                                            Email:  brandon.fernald@fernaldlawgroup.com

                                            Attorney for Plaintiff
                                            SMART IRRIGATION SOLUTIONS, INC.

                                            Of Counsel:

                                            Jonathan T. Suder
                                            Decker A. Cammack
                                            Todd I. Blumenfeld
                                            FRIEDMAN, SUDER & COOKE
                                            Tindall Square Warehouse No. 1
                                            604 East 4th Street, Suite 200
                                            Fort Worth, Texas  76102
                                            Telephone:  (817) 334-0400
                                            Facsimile:  (817) 334-0401
                                            Email:  jts@fsclaw.com
                                            Email:  cammack@fsclaw.com
                                            Email:  blumenfeld@fsclaw.com